IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MILTON JOAQUIN MIRÓ ROMÁN
MARIBEL DÍAZ FIGUEROA

Debtor

CASE NO. 15-09598 (ESL)

CHAPTER 13

## ORDER

The legal issue before the court is whether the services contract between the debtors and their legal counsel is valid. The issue hinges on determining if the services contract complies with the requirements of 11 U.S.C. §§ 526, 527 and 528, included in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). These sections impose responsibilities on debtor's counsels who, as debt relief agencies (§101[12A]), provide bankruptcy assistance (§101[4A]) to debtors who are assisted persons (§ 101[3]). See Milavetz, Gallop & Milavetz, P.A. v. United States, 559 U.S. 229 (2010).

The contested matter was prompted by the application for compensation filed by debtors' counsel on June 8, 2016, requesting compensation in the amount of $5,500.00, of which $2,225.00 were paid pre-petition, leaving a balance of $3,275.00 to be paid under the confirmed chapter 13 plan. The chapter 13 trustee does not question the reasonability of the fees under the loadstar method, and states that the debt relief agency in this case has complied with the restrictions in § 526 and the disclosures required by §527. However, the chapter 13 trustee challenges the compliance with §528.

The chapter 13 trustee alleges that although the services contract is specific as to the rate for services, the same does not include a list of the services to be provided and was not executed within the five business days after the date when bankruptcy assistance was first provided. The chapter 13 trustee advances that that the debtors have not questioned the contract, but there is no evidence that the debtors have opted to maintain the terms of the contract.

-1-

Debtors' counsel replied to the trustee's allegations stating that the debtor is not an "assisted person" and, thus §§ 526, 527 and 528 are not applicable; that the chapter trustee has no standing; and submitted a declaration under penalty of perjury signed by the debtors on August 3, 2016, accepting the terms of the service contract. The chapter 13 trustee has not questioned the allegation that the debtors do not meet the definition of assisted person nor the debtors' declaration.

The court will first address the standing allegations and determine that the Chapter 13 Trustee has standing to question the validity of the services contract pursuant to 11 U.S.C. §§323 and 1302. A Chapter 13 Trustee has an independent duty to review documents pertaining to the compensation of debtors' attorneys or bankruptcy petition preparers. This review is necessary as part of investigating the debtor's financial affairs and claims against the estate. 11 U.S.C. §1302(b)(1) incorporating 11 U.S.C. §704(a)(4). (Handbook for Chapter 13 Standing Trustees, U.S. Department of Justice-Executive Office for the United States Trustees, October 2012). Debtor's transaction with her attorney falls within the purview of investigating the financial affairs of the debtor.

The applicable statutory provisions on debt relief agencies provide additional tools to monitor the compensation of attorneys representing assisted persons in bankruptcy proceedings. Section 528 requires an attorney representing an assisted person to execute a written agreement, prior to the filing of the bankruptcy petition, that clearly and conspicuously explains the services to be provided to the assisted person, and the cost of such services. Section 527(a)(2) requires that the debt relief agency must advise the assisted person that the information provided during a case must be complete, accurate and truthful; that current monthly income and disposable income are required to be stated after reasonable inquiry; and that the information provided may be audited. Section 1302(b) provides and mandates that a chapter 13 trustee shall appear and be heard at any

hearing concerning confirmation of a plan. The interaction of §527(a)(2) and §1302(b) give the trustee standing to challenge a services contract.

Furthermore, to confirm a plan, the court must examine if the debtor is able to make all payments and comply with the proposed plan. 11 U.S.C. 1325(a)(6). The disclosures required by §§527(a)(2) are directly related to the ability of an assisted person to comply with the confirmation requirements of section 1325. The court must further evaluate if a plan is proposed in good faith and not by any means forbidden by law. 11 U.S.C. §1325(a)(3). The Court is prohibited by §526(c)(1) to enforce a contract that does not comply with the material requirements of §§526-528. As a party required to appear and be heard during any hearing that concerns confirmation of a plan, the Trustee has standing to object a plan that fails to meet all the requirements for confirmation, including the disbursement of attorney's fees based on a service contract that may be deem void pursuant to §526(c)(1).

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") is a major reform enacted by the United States Congress to correct perceived abuses of the bankruptcy system. Among the reform measures are several provisions that regulate the conduct of "debt relief agenc[ies]," that is, professionals who provide bankruptcy assistance to consumer debtors. Milavetz, Gallop & Milavetz, P.A. v. U.S., 559 U.S. 229, 231–32 (2010).

Under BAPCPA a debt relief agency is defined as follows:

"The term "debt relief agency" means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110, but does not include--
(A) any person who is an officer, director, employee, or agent of a person who provides such assistance or of the bankruptcy petition preparer;
(B) a nonprofit organization that is exempt from taxation under section 501(c)(3) of the Internal Revenue Code of 1986;
(C) a creditor of such assisted person, to the extent that the creditor is assisting such assisted person to restructure any debt owed by such assisted person to the creditor;

(D) a depository institution (as defined in section 3 of the Federal Deposit Insurance Act) or any Federal credit union or State credit union (as those terms are defined in section 101 of the Federal Credit Union Act), or any affiliate or subsidiary of such depository institution or credit union; or

(E) an author, publisher, distributor, or seller of works subject to copyright protection under title 17, when acting in such capacity." 11 U.S.C. §101(12A).

With the enactment of BAPCPA, Congress created a protected class known as "assisted person". The term 'assisted person' means any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $192,450[1]." 11 U.S.C. §101(3).

The term "bankruptcy assistance" is defined as follows:

"The term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title."
11 U.S.C. §101(4A).

To protect assisted persons from abusive practices, BAPCPA introduced strict measures on the conduct of consumer debtors' attorneys, as debt relief agencies. "The bankruptcy attorney as a debt relief agency must provide the client, as an assisted person, with all the protection and rights set forth in 11 U.S.C.A. §§526 to 528." In re Pereira-Santiago, 457 B.R. 172, 175 (Bankr. D.P.R. 2011).

In enacting the BAPCPA, Congress responded to evidence that attorneys and other bankruptcy professionals often played a role in abusing the bankruptcy system. Hersh v. United States, 553 F.3d 743, 748 (5th Cir. 2008). During the congressional hearings, judges, scholars, and debtors provided evidence of sufficiently widespread confusion and deception in the operation of the bankruptcy system that undermined its fairness and efficacy and

---

[1] At the time of the filing of the petition the amount was $186,825.

derived largely from consumer debtor's inadequate access to information. Conn. Bar Ass'n v. United States, 620 F. 3d 81, 97 (2nd Cir. 2010).

The purpose of incorporating the provisions in 11 U.S.C. §§526-528 was to require debt relief agencies to disclose specific information about the bankruptcy process to consumer debtors, whose frequent ignorance and confusion could subject them to easy deception. *Id*. at 95. Sections 526-528 govern the relationship between "debt relief agencies" and "assisted persons", by regulating the manner in which bankruptcy attorneys provide services to their clients. Hersh, 553 F.3d at 747.

Sections 526-528 are classified as follows: Restrictions (11 U.S.C. §526), Disclosures (11 U.S.C. §527) and Requirements (11 U.S.C. §528). Section 526 contains the provisions to enforce Sections 526-528. The Court will follow a chronological approach, to discuss the legal obligations imposed to debt relief agencies.

After considering the uncontested allegations and the relevant sections, the court concludes that §§ 526, 527 and 528 are not applicable to the facts of this case because the debtors are not assisted persons within the meaning of the Bankruptcy Code. The applicable provisions, to determine the entitlement to and the reasonability of the attorney's fees in this case are section 329, as implemented by Fed. R. Bankr. P. 2016, and section 330(4)(A).

Section 329 requires the attorney to submit a statement of the compensation to be received for the services rendered, Rule 2016(b) establishes the procedure for filing the statement pursuant to § 329 and lists the items that must be included in an application for compensation, requires service upon the United States Trustee, and requires disclosure of all compensation agreements. Section 330 authorizes compensation and reimbursement of expenses and prescribes the standards for the allowance of compensation, that is, the compensation must be reasonable, for actual

necessary services rendered, based on time, nature, extent and value of services to be rendered, based on comparable costs.

After reviewing the application for compensation, and considering the statements by the chapter 13 trustee, the court finds that the fees requested for the services rendered are reasonable and approves the application for compensation in the amount of $5, 500.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of December 2018.

*Enrique S. Lamoutte*
United States Bankruptcy Judge